**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-890 C
(Filed January 4, 2016)
NOT FOR PUBLICATION

**FILED**
JAN - 4 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| BARRY D. MALLEK, ) | |
| Plaintiff, ) | |
| v. ) | Statute of Limitations; Breach of |
| ) | Contract. |
| THE UNITED STATES, ) | |
| Defendant. ) | |

## ORDER

Plaintiff filed the instant complaint on August 18, 2015. *See* Doc. 1. He alleges entitlement to damages as a result of the defendant's breach of a contract that plaintiff entered into with the United States Department of Homeland Security to settle various claims on April 7, 2006. *See* Doc. 1-2. Defendant has filed a motion to dismiss the complaint on the bases that the court lacks jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. *See* Doc. 6.

As part of the settlement, defendant agreed to purchase an annuity contract for plaintiff's benefit, guaranteed for 30 years and for the life of plaintiff. *See* Doc. 1-2 at 3. The agreement stated that plaintiff would receive monthly payments, and that the annuity payments could not be assigned. *See id.* Purchasing the annuity contract was defendant's only obligation with respect to these payments under the settlement agreement. *See id.*

On June 6, 2008, a California state judge approved a Qualified Domestic Relations Order signed by plaintiff and his former wife, Alice Mallek. *See* Doc. 1-1. In the order, plaintiff assigned a substantial portion of his monthly annuity payment to Ms. Mallek. *See* Doc. 1-1 at 3. Plaintiff now claims that the Department of Homeland Security breached the original settlement agreement by allowing him to assign part of his monthly annuity payment, and seeks damages to compensate him for the payments he did not personally receive. *See* Doc. 1 at 7.

Irrespective of the merits of plaintiff's various legal and equitable arguments, he must, as a threshold matter, carry the burden of establishing this court's jurisdiction over his claims. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d

746, 748 (Fed. Cir. 1988) (stating that plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence").

Plaintiff's claim is subject to a six-year statute of limitations, as set forth in 28 U.S.C. § 2501, which states: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This limitation is jurisdictional in nature, and if plaintiff fails to file a claim within six years, this court is without authority to consider it. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-136 (2008).

A claim against the government accrues, "only when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988) (emphasis in original). In this case, plaintiff claims that the assignment of a portion of his annuity to Ms. Mallek constituted a breach of the settlement agreement. And because his signature appeared on the document approving the assignment, he was aware of the alleged breach on June 6, 2008, the date on which the California court approved the Qualified Domestic Relations Order. Thus, any claim that the assignment breached the settlement agreement accrued on June 6, 2008.

Plaintiff filed the instant complaint on August 18, 2015, more than seven years after accrual. Because the statute of limitations is jurisdictional in nature, this court is simply without authority to consider the merits of plaintiff's complaint.

The defendant's motion is **GRANTED**, and the complaint is hereby **DISMISSED**. The clerk is directed to enter judgment accordingly.

**SO ORDERED.**

*/s/ James F. Merow*
James F. Merow,
Senior Judge